## Ayers & Lang v. Mullins.

(Decided March 11, 1924.)

### Appeal from Johnson Circuit Court.

Master and Servant—Contract to Furnish Physician Held Not Shown.—In a suit by employe against employer to recover the sum paid a physician on failure of employer to furnish a physician after having deducted certain sums from his wages each month under an agreement to furnish a physician, it was necessary for plaintiff to prove not only that the company physician failed upon request to attend him in his illness, and that he was compelled to employ other physicians, but that defendant owed to him a contractual duty to furnish a physician, and it was not enough to merely show that employer deducted certain monthly amounts and turned them over to the physician less a commis-

sion for collection, without showing who selected the physician or what the arrangement was.

HOWES & HOWES for appellants.

F. P. BLAIR for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Granting appeal and reversing.

William Mullins brought this suit in the Johnson quarterly court against H. S. Ayers and Walter E. Lang, partners doing business under the firm name of Ayers & Lang, to recover the sum of $190.00. The basis of his claim is that he was in the employ of the defendants under a contract by which the defendants deducted $1.50 from his wages each month, and in consideration thereof agreed to furnish him a physician to wait on him and his family; that he became ill and the defendants failed to furnish him a physician, and because of their failure, he was compelled to employ other physicians and to pay them the sum sued for. From an adverse judgment the defendants prosecuted an appeal to the Johnson circuit court where they filed a counterclaim of $56.00 for house rent and coal furnished. In his reply Mullins set up a counterclaim for $60.00, which he claimed was due for clearing the tract of land which he had leased from defendants. The trial in the circuit court resulted in a verdict and judgment for plaintiff in the sum of $175.00, and defendants have prayed an appeal.

To sustain his cause of action it was necessary for Mullins to prove not only that the ''company doctor'' failed, upon request, to attend him in his illness, and that he was compelled to employ other physicians, but that appellants owed to him a contractual duty to furnish a physician. All that appears is that appellants, at the option of their employes, deducted a certain sum each month from their wages for the purpose of securing the services of a physician, and that this sum, less a commission of ten per cent for collection, was turned over to the physician. Who selected the physician, or what the arrangement was between appellants and their employes does not appear. This evidence rather tends to show that the only contractual relation was between the physician and the employes, and that appellants collected the monthly payments for the mutual convenience of the parties. It is not sufficient to show that there was any contract or ar-

rangement between appellants and their employes by which appellants themselves undertook to furnish a physician. It follows that the court should have directed the jury to find for appellants on this issue.

Appellee's counterclaim of $60.00 should not have been submitted to the jury. It is conclusively shown that the land which he claims to have cleared was leased from the Sandy River Coal Company, and any claim that he may have for clearing the land is against that company and not against appellants.

Wherefore the appeal is granted and judgment reversed and cause remanded for a new trial consistent with this opinion.